Mariam S. Marshall, Esq. (Bar No. 157242)
Zunilda Ramos, Esq. (Bar No. 161114)
MARSHALL & RAMOS, LLP
ATTORNEYS AT LAW
The Westlake Building
350 Frank H. Ogawa Plaza, Suite 600
Oakland, California 94612
Telephone: (510) 835-8359
Facsimile: (510) 835-8259
mmarshall@marshallramoslaw.com

Attorneys for Movants
Hammer 1994 Trust and Bill C. Hammer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 08-47480 |
| In re: | Chapter 7 |
| GERALDINE L. VAN DAMME, | RS No.: MAR-005 |
| Debtor. | Date: April 17, 2009<br>Time: 11:00 a.m.<br>Place: United States Bankruptcy Court<br>1300 Clay Street, Ct. Rm. 215<br>Oakland, California 94612<br>Judge: Hon. Leslie Tchaikovsky |

**MOTION FOR MODIFICATION OF AUTOMATIC STAY**

Movants, the Hammer 1994 Trust and Bill C. Hammer (collectively, the "Movants"), submit the following memorandum of points and authorities in support of their motion for Modification of the automatic stay (the "Motion"). This Motion is made pursuant to 11 U. S. C. § 362 (d)(1).

**I. INTRODUCTION**

During the past four and a half years Movants have been involved in protracted, complex and costly litigation against the Debtor and her husband in the Nevada District Court seeking equitable relief and damages arising from the Debtor's willful trespass, and slander of title. The Debtor commenced the within Chapter 7 bankruptcy case within days of the final day of trial in the Nevada District Court. The final day of trial was scheduled for December 22, 2008, after the Nevada District Court, the parties, and their counsel had

MOTION FOR MODIFICATION OF AUTOMATIC STAY

collectively devoted hundreds of hours to the litigation, discovery, motions, research, witness examination, expert testimony and trial of Movants' claims in the District Court Action. The only outstanding matter in the Nevada District Court is to conclude the trial as to the Debtor and enter final Judgment and Findings of Fact and Conclusions of Law consistent with the two summary judgment orders.

The stay modification requested by Movants herein would simply result in allowing the Nevada District Court to procedurally conclude a case which has been thoroughly and exhaustively litigated through seven days of trial. Good Cause exists to modify the automatic stay as requested by Movants. There would be no prejudice to the bankruptcy estate from the requested stay modification and the interest of judicial economy are best served by permitting the conclusion of Movants' claim in the parties chosen forum which is most familiar with the matter.

## II. FACTUAL BACKGROUND

This bankruptcy was commenced on December 16, 2008, when Geraldine L. Van Damme ("Debtor") filed her voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. The Debtor and her husband, Armin Van Damme (collectively the "Van Dammes"), hold a joint tenancy ownership interest in certain real property commonly known as, 2775 Twin Palms Circle, Las Vegas, NV ("Twin Palms Property") located in Clark County, Nevada. The Van Dammes purchased the Twin Palms Property in January of 2004.

Since 1988, the Hammer 1994 Family Trust, or its predecessors in interest, Charmayne and Bill Hammer, have been the owner of certain real property commonly known as 7770 Tara Avenue, Las Vegas, NV ("Trust Property"), located in Clark County, Nevada. Bill C. Hammer, is the trustee of the Hammer 1994 Family Trust. The Trust Property is adjacent to the Twin Palms Property.

In the mid 1980s, the developers of the Twin Palms Property erected a tan stone wall along the boundary between the Trust Property and the Twin Palms Property ("Twin Palms Wall"). Thereafter, the developers of the Trust Property erected a retaining wall and

privacy wall ("Trust Property Wall"). The Trust Property Wall was constructed approximately one foot to the west of the Twin Palms Wall, leaving a gap between the two walls ("Gap"). The land within the Gap has been owned by Movants since 1988.

### a. The Trespass and Slander of Title

Commencing sometime after April of 2004 and continuing to the present time, the Van Dammes wrongfully and willfully encroached upon the Trust Property by, among other things, partially tearing down the Twin Palms Wall and constructing a pool grotto which encroached on the Trust Property and was anchored to the Trust Property Wall (these wrongful actions are collectively referred to herein as the "Trespass"). Immediately upon discovering the Trespass on June 22, 2004, Movants verbally advised the Van Dammes that the construction was illegal, that they were trespassing on the Trust Property and requested that work be ceased. The Van Dammes willfully refused to comply with this request.

On June 23, 2004 Movants posted a notice to cease trespassing on the Trust Property Wall, and mailed a copy of this notice to the Van Dammes. The notice was removed from the Trust Property Wall by the Van Dammes. Thereafter from June 24, 2004 through July 11, 2004, Movants posted numerous signs on the Trust Property Wall advising the Van Dammes of the illegality of the Trespass and provided them with copies of the relevant Nevada Statues that were violated by the ongoing construction. All said signs were destroyed and/or vandalized..

From June 24, 2004 through July 11, 2004, Movants mailed at least three separate written warnings to the Van Dammes advising them of the illegality of the construction and notifying the Van Dammes that they were trespassing on the Trust Property. Despite these repeated notices, warnings and requests that the construction be ceased, the Van Dammes knowingly, willfully and maliciously continued with the Trespass and have refused and failed to remove the structure which continues to encroach on and cloud title to the Trust Property.

///

### b. The Nevada District Court Action

On October 1, 2004, Movants commenced an action against the Van Dammes in the Nevada Eighth Judicial District Court, Case No. A493040 entitled, <u>Hammer 1994 Trust and Bill C. Hammer v. Armin Dirk Van Damme et al.</u> ("Nevada District Court Action"). A true and correct copy of the complaint commencing the Nevada District Court Action is attached as **Exhibit "1"** to the Declaration of Bill Hammer, submitted herewith).

In the Nevada District Court Action, Movants asserted claims of Trespass, Quiet Title, Slander of Title, and Battery against the Debtor and her husband and sought an injunction requiring them to, among other things, return the Trust Property to its original state before the trespass occurred. Because the claims asserted in the Nevada District Court Action involved the Twin Palms Property, Movants recorded a Notice of Pending Action which was recorded in the official records of Clark County, Nevada on October 4, 2004, as instrument number 20041004-0001468. In her bankruptcy petition, Schedule D, the Debtor acknowledges Movants' status as a secured creditor. (See Hammer Declaration).

The Van Dammes filed a counterclaim against Movants in the Nevada District Court Action asserting claims for relief for, Quiet Title, Malicious Use of Process and Trespass ("Counterclaim"). On July 8, 2008, the Nevada District Court, issued an order granting partial summary judgment in favor of Movants and against the Van Dammes on the Van Dammes' first counterclaim to Quiet Title in the Nevada District Court Action ("SJ Order 1"). A true and correct copy of the July 8, 2008, order granting partial summary judgment in Movants' favor as to the first counterclaim, is attached as **Exhibit "2"** to the Declaration of Bill C. Hammer.

In SJ Order 1, the Court dismissed with prejudice the Van Dammes' claim to Quiet Title and made numerous factual findings confirming that the Van Dammes' conduct was willful and malicious and resulted in injury to Movants.[1] Because the Quiet Title claim

---

[1] See, Exhibit 1 at Page 4:12-15 and 25-27; Page 5:7-11; Page 6:19-23; Page 9: 17-23; Page 10: 7-12 and throughout the Conclusions of Law, i.e, Page14:6-12 where the Nevada District Court

asserted in the Counterclaim involved a competing claim to the same real property asserted by Movants in their complaint, the Court also found that Movants were lawful owners of the Gap and ordered that title therein be vested in the Trust Property. (See Hammer Declaration).

On July 8, 2008, the Court in the Nevada District Court Action, issued a second order granting partial summary judgment in favor of Movants and against the Van Dammes on the Van Dammes' second counterclaim for "Malicious Use of Process" and third counterclaim for "Trespass" ("SJ Order 2"). A true and correct copy of the July 8, 2008 order granting partial summary judgment in Movants' favor as to the second and third counterclaims, is attached as **Exhibit "3"** the Declaration of Bill C. Hammer.

Following issuance of SJ Order 1 and SJ Order 2, the only remaining issues to be adjudicated at trial was the damages that Movants would be entitled to recover from the Van Dammes, Bill Hammer's battery claim against the Debtor's husband and the Van Dammes affirmative defense of failure to mitigate damages. Trial in the Nevada District Court Action took place on various dates in August and October 2008 with a final trial date scheduled for December 22, 2008. On December 16, 2008, during the pendency of the trial in the Nevada District Court Action, the Debtor filed the within Chapter 7 case. Accordingly, the Nevada District Court Action was stayed as to the Debtor, only.[2] On Movants' motion, the Nevada District Court took judicial notice of the Debtor's December 16, 2008, bankruptcy and severed the action as to her from that point so that trial could proceed solely against Armin Van Damme. (See Declaration of Bill Hammer). On December 22, 2008, Geraldine Van Damme testified in the Nevada District Court Action

---

determined that, "... the result has been deliberately to cloud title to the Hammer Trust real property for almost four full years." See also, Page 20: 11-13, "This wilful, intentional and deliberate misconduct of the Van Dammes caused the title of the Trust property to become uninsurable..."

[2] On March 6, 2009, Movants commenced an adversary proceeding against Geraldine Van Damme entitled, Hammer et al v. Geraldine Van Damme, AP Case No. 09-04125 LT, seeking nondischargeability of Movants' claims against Geraldine Van Damme pursuant to 11 U.S.C. § 523(a)(6).

on behalf of Armin Van Damme. Movants were not able to cross examine the Debtor in the Nevada District Court Action in order to avoid any inadvertent violation of the automatic stay. (See Hammer Declaration). The trial as to Movants' claims against Armin Van Damme was concluded on December 22, 2008 and the Nevada District Court took Movants claim against Armin Van Damme for damages, injunctive relief, Bill Hammer's battery claim, and the Van Dammes affirmative defense of failure to mitigate damages, under submission. (See Hammer Declaration).

On February 25, 2009, the Nevada District Court issued a detailed, 23 page Memorandum of Decision finding in favor of Movants and against Armin Van Damme on all claims and awarding compensatory and punitive damages to Movants and against Armin Van Damme.[3] A true and correct copy of the Memorandum of decision is attached as **Exhibit "4"** to the Declaration of Bill C. Hammer.

On March 6, 2009, nine days after the Memorandum of Decision was signed by the Nevada District Court, Armin Van Damme filed a Chapter 7 bankruptcy case, case number 09-41772 in the Northern District of California and the Nevada District Court Action was stayed as to Armin Van Damme.

In her bankruptcy schedule D the Debtor lists Movants as secured creditors. In addition, the Debtor's Statement of Intention reflects that the Debtor intends to surrender the Twin Palms Property. (The Debtor's Schedule D and Statement of Intention are collectively attached as **Exhibit "5"** to the Hammer Declaration).

On March 31, 2009, Movants commenced an adversary proceeding against Armin Van Damme, entitled <u>Hammer et al. v Armin C. Van Damme</u>, AP Case No. 09-04161, seeking non-dishcargeability of Movants' claims against the Debtor pursuant to 11 U.S.C. section 523(a)(6).

### c. Relief Sought In Motion

By this Motion, Movants seek modification of the automatic stay so that the Nevada

---

[3] The Memorandum of Decision was signed by Senior District Judge Charles McGee on February 25, 2009 and was filed on March 18, 2009.

District Court complete the last day of trial as to the Debtor and finalize and enter the appropriate findings, conclusion and judgment with respect to the Debtor and Armin Van Damme and to have those claims liquidated at long last.

Movants seek modification of the automatic stay to permit Movants to take the following specific actions in connection with the Nevada District Court Action:

1. To permit the Nevada District Court to complete the trial, enter Findings of Fact and Conclusions of Law and to enter Judgment on all claims asserted in the Nevada District Court Action consistent with SJ Order 1 and SJ Order 2;

2. To permit the Nevada District Court to incorporate the Court's prior SJ Order 1 into the judgment;

3. To permit the Nevada District Court to incorporate the Court's prior SJ Order 2 into the judgment;

4. To permit the Nevada District Court to enter a permanent injunction against the Debtor, enjoining the Debtor from threatening, battering, or harming Movants, their relatives and friends;

5. To permit the Nevada District Court to enter a judgment authorizing the Movants or their agents to remove the pool grotto without interference from the Debtor and/or her agents and to enter a permanent injunction, enjoining the Debtor and/or her agents from encroaching on Movants' property and from constructing any other structures on Movants' property;

6. To permit the Nevada District Court to enter a judgment for damages against the Debtor, consistent with SJ Order 1 and SJ Order 2. Movants will not seek to collect any monetary damages awarded against the Debtor, pending the outcome of Movants nondischargeability action against the Debtor. Movants enforcement on the Judgment will be limited to the injunctive relief set forth above and removal of the pool grotto; and

7. To permit the Nevada District Court to enter judgment quieting title to the Trust Property to Movants.

///

MOTION FOR MODIFICATION OF AUTOMATIC STAY 7
Case: 08-47480   Doc# 17   Filed: 04/02/09   Entered: 04/02/09 18:56:00   Page 7 of 13

## III. ARGUMENT

**GOOD CAUSE EXISTS TO MODIFY THE AUTOMATIC STAY PURSUANT TO SECTION 362(d)(1)**

Section 362(d)(1) allows a bankruptcy court to terminate, annul, modify or condition the automatic stay for cause. 11 U.S.C. Section 362(d)(1). Although "cause" is not defined by the Code, in circumstances where a claimant has sought relief from stay to pursue a cause of action against the debtor in a non-bankruptcy forum, Congress has stated: [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. (In re Santa Clara County Fair Assoc., Inc., 180 B.R. 564, 566 (9th Cir.BAP 1995) quoting S..Rep.No.989, 95th Cong., 2d Sess.50, reprinted in 1978 U.S.C.C.A.N. 5787, 5836). A motion for stay relief is a summary proceeding. In re Computer Communications, Inc., 824 F.2d 725, 729 (9th Cir. 1987)). In a summary proceeding, the court's discretion is broad. Courts may consider the factor of judicial economy when deciding lift stay issues. In re Kemble, 776 F.2d 802, 807 (9th Cir. 1985).

Courts have often permitted litigation to be concluded in another forum, particularly if the non-bankruptcy suit involves multiple parties or is ready for trial. The fact that the non-bankruptcy judge has already heard and decided issues supports the granting of relief on the grounds of judicial economy. In re Castlerock Properties, 781 F.2d 159 (9th Cir. 1986).

A party may petition the bankruptcy court for relief from or modification of the automatic stay. However, because only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that continuation of the stayed proceeding can derive legitimacy only from the bankruptcy court order. In re Wardrobe, 2009 WL 650432, 650433 (9th Cir. 2009). Further, the terms of an order lifting the stay are strictly construed. Id.

///

MOTION FOR MODIFICATION OF AUTOMATIC STAY 8

Case: 08-47480    Doc# 17    Filed: 04/02/09    Entered: 04/02/09 18:56:00    Page 8 of 13

### a. Permitting the Conclusion of the District Court Action in its Place of Origin would Cause no Prejudice to the Bankruptcy Estate

The Debtor's bankruptcy schedules reflect that the Debtor intends to surrender the Twin Palms Property and that there is no equity in the Twin Palms Property for the benefit of the estate. The Nevada District Court Action arises from the Debtor's interest in the Twin Palms Property. In addition, the Nevada District Court Action relates to tort claims against the Debtor which are of no monetary benefit to the estate. These claims have been litigated in the Nevada District Court and that Court has found against the Debtor (See SJ Order 1 and SJ Order 2). There is no benefit to the estate from re-litigating the tort claims which have mostly adjudicated by the Nevada District Court against the Debtor. The estate will suffer no prejudice if the stay is modified to permit the Nevada District Court to complete the final day of trial as to the Debtor on the issue of damages and enter judgment and findings of fact and conclusions of law consistent with its prior orders. (See In re Santa Clara County Fair Assoc., Inc., 180 B.R. 564, 566 (9th Cir.BAP 1995) quoting S..Rep.No.989, 95th Cong., 2d Sess.50, reprinted in 1978 U.S.C.C.A.N. 5787,5836).

Similarly, there is no harm to the Debtor if the stay is modified to permit the Nevada District Court to complete the final day of trial enter final judgment consistent with prior orders. In fact, the Nevada District Court may not need to take any additional testimony from the Debtor, before entering judgment and findings of fact and conclusions of law, since the Debtor already had a full opportunity to provide testimony at trial on December 22, 2008. Movants, on the other had were deprived of an opportunity to cross-examine the Debtor on December 22, 2008 as a consequence of the automatic stay. Thus, the requested stay modification to permit the Nevada District Court to enter judgment based on prior orders will cause no monetary or time loss burden on the Debtor. In fact, the Debtor will avoid the time and expense of re-litigating these issues.

If the Nevada District Court determines that it needs additional testimony from the Debtor prior to entering final judgment, the cost of providing such testimony will be substantially less than the cost of relitigating the entire action in Bankruptcy court.

Additionally, the Debtor will suffer no monetary harm from entry of judgment in the Nevada District Court Action because Movants do not intend to enforce the monetary portion of the judgment against the Debtor pending the outcome of the non-dischargeability action. Because the Debtor already intends to surrender the Twin Palms Property, Movants' enforcement of the injunctive portion of the Judgment, quieting of title to the Trust Property and removal of the encroaching pool grotto would have no effect on the Debtor.

Conversely, if the stay is not modified, Movants will suffer on-going damages. Movants have spent over four years and incurred substantial costs in litigating the Nevada District Court Action through trial. Movants are continuing to suffer damages as a consequence of the cloud on title to the Trust Property, which has prevented them from refinancing or selling their property and has prevented them from procuring title insurance. (See Hammer Declaration). Moreover, the continuing trespass and slander of title has diminished and continues to diminish the value of the Trust Property. (See Hammer Declaration). The pool grotto continues to encroach on the Trust Property. Additionally, if the stay is not modified to permit the Nevada District Court to, complete the trial as to the Debtor, if necessary, and enter judgment, Movants will incur more damages to senselessly re-litigate claims in the Bankruptcy Court that have been mostly adjudicated in the Nevada District Court.

### b. Modifying the Automatic Stay so as to Conclude the Nevada District Court Action would be in the Interest of Judicial Economy

Here, Movants' claims in the Nevada District Court Action have been mostly litigated as to the Debtor through six days of trial before the commencement of the Debtor's bankruptcy case. During the past four years, the Nevada District Court, the parties, and their counsel have collectively devoted hundreds of hours to the litigation, discovery, motions, research, witness examination, expert testimony and trial of Movants' claims in the District Court Action. (See Hammer Declaration). The Nevada District Court has entered two summary judgment orders and conducted a seven day trial which spanned five months. The only outstanding matter is the conclusion of the final day of trial as to the

Debtor only, if the Nevada District Court determines that it needs additional testimony from the Debtor and entry of a final judgment and findings of fact and conclusions of law consistent with the two summary judgment orders. The stay modification requested by Movants herein would simply result in allowing the Nevada District Court to procedurally conclude a case which has been thoroughly and exhaustively litigated through trial.

The specific facts in support of stay modification are:

1. The Nevada District Court has already ruled on two summary judgment motions, has entered two summary judgment orders resolving all claims except damages, and has conducted six days of trial on the issue of damages. (See In re Castlerock Properties, 781 F.2d 159 (9th Cir. 1986);

2. The interests of judicial economy favor letting the Nevada District Court conclude the trial and enter judgment and findings of fact and conclusions and Judgment. (See In re Kemble, 776 F.2d 802, 807 (9th Cir. 1985);

3. The Nevada District Court is the parties forum of choice. The Nevada District Court Action involved Nevada real property and tort law and the Nevada District Court has specialized expertise to handle the claims asserted in the action. In re Castlerock Properties, 781 F.2d 159 (9th Cir. 1986); and

4. Allowing the Nevada District Court Action to proceed to judgment will result in complete resolution of the claims raised therein and preserve judicial resources as well as the resources of the estate and the parties. (See In re Kemble, 776 F.2d 802, 807 (9th Cir. 1985), and In re Santa Clara County Fair Assoc., Inc., 180 B.R. 564, 566 (9th Cir.BAP 1995) quoting S..Rep.No.989, 95th Cong., 2d Sess.50, reprinted in 1978 U.S.C.C.A.N. 5787, 5836).

It is axiomatic that under the circumstances presented here, judicial economy is best served by permitting the Nevada District Court to complete the trial and enter a final judgment and enter findings of fact and conclusions of law on all claims that have been litigated before Nevada District Court. The Nevada District Court is best situated to finalize the Nevada District Court Action from the perspective of both judicial economy, and the

MOTION FOR MODIFICATION OF AUTOMATIC STAY 11

Court's specific knowledge of the complex Nevada State law issues involved in the case, the parties, and the factual background.

Alternatively, if the stay is not modified as requested herein, Movant will be forced to again litigate the claims asserted in the Nevada District Court Action before this Court. By granting the modification of the automatic stay sought herein, the bankruptcy court will be relieved of performing many duties which have in fact already been handled in the parties chosen forum, the Nevada District Court. Accordingly, it is in the interest of judicial economy that the Movants' requested modifications to the automatic stay be allowed.

## IV. CONCLUSION

Based on the foregoing, and in compliance with the holding of In re Wardrobe, 2009 WL 650432, 650433 (9th Cir. 2009), Movant respectfully requests the following specific relief:

1.  The stay be modified to permit The Nevada District Court to complete the trial as to the Debtor, enter findings of fact and conclusions of law and to enter Judgment on all claims asserted in the Nevada District Court Action consistent with SJ Order 1 and SJ Order 2;

2.  The stay be modified to permit the Nevada District Court to incorporate the Court's prior SJ Order 1 into the Judgment;

3.  The stay be modified to permit the Nevada District Court to incorporate the Court's prior SJ Order 2 into the Judgment;

4.  The stay be modified to permit the Nevada District Court to enter a permanent injunction against the Debtor, consistent with the Memorandum Decision, enjoining the Debtor from threatening, battering, or harming Movants, their relatives and friends;

5.  The stay be modified to permit the Nevada District Court to enter a judgment authorizing the Movants or their agents to remove the pool grotto without interference from the Debtor and/or her agents and to enter a permanent injunction, enjoining the Debtor and/or her agents from encroaching on Movants' property and from constructing any other

structures on Movants' property;

6. The stay be modified to permit the Nevada District Court to enter a judgment for damages against the Debtor, consistent with SJ Order 1 and SJ Order 2. Movants will not seek to collect any monetary damages awarded to Movants against the Debtor pending the outcome of Movants nondischargeability action. Movants enforcement on the Judgment will be limited to the injunctive relief set forth above and removal of the pool grotto;

7. The stay be modified to permit the Nevada District Court to enter judgment quieting title to the Trust Property.

8. The modification of the stay is binding and effective despite any conversion of this case bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

9. For such other and further relief the Court deems just and proper.

Dated: April 2, 2009                    MARSHALL & RAMOS, LLP


/s/ Mariam S. Marshall
Mariam S. Marshall
Attorneys for Movants
Hammer 1994 Trust and Bill C. Hammer